UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL HENRY | CIVIL ACTION |
| VERSUS | NO. 10-4667 |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE | SECTION "N" |

## ORDER AND REASONS

Presently before the Court is the Government's motion seeking dismissal of the instant action (Rec. Doc. 6). In considering the motion, the Court has carefully and repeatedly reviewed Plaintiff's complaint, the parties' submissions relative to this motion, the related motions that Plaintiff has filed seeking sanctions, and the Court's April 12, 2011 Order. *See* Rec. Docs. 1, 6, 9, 10, 12, 15-18, and 21. Although Plaintiff's submissions are far from clear, and include various nebulous references to IRS levies, liens, and seizures of assets, the gravamen of his complaint is the Government's April 16, 2009 credit (or offset), pursuant to 26 U.S.C. § 6402(a), of the refund awarded Plaintiff, in Civil Action 02-968, against an unpaid tax assessment for tax year 1999.[1] Specifically, Plaintiff contends that the Government did not provide him with the notice required by 26 U.S.C. § 6303. *See* Complaint (Rec. Doc. 1).

Neither party's submissions clearly identify and/or explain each and every notice document that the Government had provided to Plaintiff, or the date(s) thereof, prior to the April 16, 2009 offset. Significantly, however, the Court of Appeals for the Seventh Circuit recently affirmed

---

[1] The Government uses the term "credit"; Plaintiff uses the term "offset." For simplicity, the Court likewise uses the term "offset."

the Tax Court's determination that Plaintiff cannot challenge his liability for the unpaid assessment for tax year 1999, that the Government can proceed with collection, and that the offset about which Plaintiff complains is not a levy. *See Henry v. Commissioner, Internal Revenue Service*, No. 10-2165, 403 Fed. Appx. 105, 2010 WL 5018464 (7th Cir.)(affirming the Tax Court's April 26, 2010 decision in docket number 17055-08 L).[2]  Furthermore, as reflected in the opinions of both the Seventh Circuit and the Tax Court, as well as this Court's April 30, 2007 judgment and the Fifth Circuit's May 6, 2008 opinion, Plaintiff clearly was on notice that the IRS sought payment of an additional $3.1 million for tax year 1999, and was acting to protect its interests, for several months, if not longer, in advance of the 2009 offset of the $122,839 refund (plus interest) at issue.

Given the foregoing, it is not apparent to this Court, on the showing made, that it can offer Plaintiff any relief relative to the April 2009 offset. Accordingly, for the reasons stated herein, **IT IS ORDERED** that the Government's motion is **GRANTED** to the extent that Plaintiff's claims are **DISMISSED** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[3]  Similarly, to the extent that Plaintiff's opposition memorandum (Rec. Doc. 10) purports to also be a motion for summary judgment, **IT IS ORDERED** that the motion is **DENIED**. Further, having carefully considered the parties' submissions, the Court finds that Plaintiff's motions seeking sanctions are without merit. Thus, **IT IS FURTHER ORDERED** that the motions (Rec. Docs. 9, 16, and 17) are **DENIED**.

---

[2] Both decisions are attached as exhibits to the Government's reply memorandum (Rec. Doc. 15-1). The Tax Court's decision states, *inter alia*, that "the Appeals officer met the requirements of section 6330(c)." *See* Rec. Doc. 15-1, p. 9 of 9. Plaintiff references that statutory provision in his complaint. *See* Rec. Doc. 1, p. 3 of 10, ¶4.

[3] The Court additionally notes the Government's assertion, pursuant to 28 U.S.C. §§ 1346(a)(1), 1402(a)(2), that venue is not proper in this district. *See* Rec. Doc. 6., at p. 5, n.7.

Additionally, this Court has previously advised Plaintiff that it <u>strongly</u> condemns the inappropriate, irrelevant, malicious, and insulting comments regarding Government counsel and others that have been repeated in many of Plaintiff's prior submissions to this Court, and warned Plaintiff against such conduct. *See* March 29, 2010 Order (No. 02-968, Rec. Doc. 381, p. 4 of 6); June 21, 2010 Order and Reasons, (No. 02-968, Rec. Doc. 395, p. 11 of 11). Nevertheless, Plaintiff, in the memorandum that he submitted in response to the Government's motion, has again used inappropriate, malicious, and insulting language in referring to Government counsel.[4]  *See* Rec. Doc. 10, pp. 8, 10 of 13. Such language likewise is prohibited by Rule 11 of the Federal Rules of Civil Procedure, and cannot be tolerated. Accordingly, **IT IS FURTHER ORDERED** that, within fifteen (15) days of the entry of this Order and Reasons, Plaintiff must explain, <u>in writing</u>, why a monetary sanction of $1500.00 should not be imposed against him for this conduct.

Lastly, as previously stated in the Court's March 29, 2010 Order (No. 02-968, Rec. Doc. 381, p. 4 of 6), June 21, 2010 Order and Reasons (No. 02-968, Rec. Doc. 395, p. 11 of 11), and April 12, 2011 Order (Rec. Doc. 21), **IT IS FINALLY ORDERED** that Plaintiff shall not file any additional motions in this action, <u>or otherwise submit a complaint urging relief in this court,</u> without first seeking leave of court to do so <u>and</u> certifying, <u>in writing</u>, that the proposed submission is not repetitive or duplicative <u>and</u> does not contain any inappropriate, irrelevant, malicious, and/or insulting comments. Failure to comply with this order may result in filings being stricken from the

---

[4]  *See* Rec. Doc. 10, pp. 8 and 10 of 13.

record and/or the imposition of significant financial and/or other sanctions, including payment of excess costs, expenses, and any attorney's fees under 28 U.S.C. §1927.

New Orleans, Louisiana, this 20th day of September 2011.

_____
**KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE**